IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| CIVIX-DDI, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 05 C 6869 |
| v. ) | |
| ) | Honorable Amy St. Eve |
| NATIONAL ASSOCIATION OF ) | |
| REALTORS, HOMESTORE, INC., ) | |
| HOTELS.COM, L.P., HOTELS.COM GP ) | JURY TRIAL DEMANDED |
| LLC, YAHOO! INC., ORBITZ LLC, ) | |
| TRAVELOCITY.COM INC., ) | |
| TRAVELOCITY.COM, LP, and ) | |
| YELLOWPAGES.COM LLC, ) | |
| ) | |
| Defendants. | |

**CIVIX's MOTION TO COMPEL DISCOVERY
FROM YELLOWPAGES.COM, LLC.**

In accordance with Fed.R.Civ.P. 37(a), CIVIX-DDI, LLC ("CIVIX") seeks an order compelling defendant YellowPages.com, LLC. ("YellowPages") to serve proper answers to interrogatories seeking basic discovery as to their non-infringement and invalidity contentions.

Prior to holding a LR 37.2 conference with YellowPages, CIVIX informed YellowPages by letter (dated July 24, 2006) of the deficiencies in its responses to CIVIX's interrogatories. YellowPages responded by letter on August 4, 2006, claiming that it stood by its original answers. On Tuesday, August 29, 2006 at 2:00 pm, CIVIX's counsel, Gregory Casimer and YellowPages' counsel, Kevin O'Shea, participated in a telephone conference pursuant to LR37.2. At the end of the LR 37.2 conference, CIVIX believed that YellowPages had agreed to provide supplemental responses to CIVIX's Interrogatory Nos. 2 and 3 by September 8, 2006 (Ex. A, 8/29/06 Casimer e-mail to O'Shea). However, YellowPages later clarified its position that it was willing do nothing more than "consider" serving a supplemental response (Ex. B, 8/30/06 e-mail between O'Shea and Casimer). Therefore,

despite the efforts of both counsel to find an acceptable compromise, the parties were unable to resolve their differences on the subject matter of this motion without the assistance of the Court.

**YellowPages Provides No Non-Infringement Position**
**Despite Pleading A Non-Infringement Counterclaim**

CIVIX's Interrogatory No. 2 seeks the factual basis for YellowPages' contentions that it does not infringe any claim of the patents in suit (Ex. C, Civix's First Set of Interrogatories To YellowPages.com LLC (Nos. 1-8) at p. 4). Nothing in YellowPages' response directly addresses the question of non-infringement in an element by element comparison of the accused services to the asserted claims. Instead, YellowPages vaguely describes its license defense and recites the basic law on indirect infringement. But there is nothing that speaks to direct infringement.

There can be no doubt that YellowPages has formed a non-infringement position because its answer to CIVIX's complaint states both affirmative defenses of non-infringement and a counterclaim for a declaratory judgment of non-infringement. (See, Docket No. 34, YellowPages.Com LLC's Answer to First Amended Complaint at ¶¶ 24-25 and Counterclaim I, Declaration of Non-Infringement at ¶¶ 8-14 ). In addition, YellowPages' letter of August 4, 2006 to CIVIX admits that it knows reasons why "it does not practice, either literally or under the doctrine of equivalents, each limitation of the patent claims at issue." (Ex. D, August 4, 2006 O'Shea letter to Sheikh at p. 2). At a minimum, YellowPages' answer should include the facts that support these claims.

In its objections to this interrogatory, YellowPages claimed that its lack of response is excused because it is not yet required to identify its proposed claim construction positions and also because the court has not issued a ruling on claim construction (Ex. E, Yellow Pages' Responses to Civix's First Set of Interrogatories to Yellow Pages (Nos. 1-8) at p.4 ). CIVIX's Interrogatory asks YellowPages to "provide Yellowpages.com's contentions on the appropriate construction of each claim term, element

2

or limitation that Yellowpages.com contends is not present in the accused Yellowpages.com services."[1] (Ex. C at 4).

CIVIX served a proper interrogatory and is entitled to a direct response. Further, the Court's claim construction opinion is not sought by this interrogatory. CIVIX only asks YellowPages to identify its own contentions. Even then, CIVIX is only asking for the construction of terms that YellowPages' claims are not present in the accused services. This is basic fact discovery and the necessary foundation for later depositions and third party discovery.

A proper response should fairly meet the substance of the interrogatory and be complete. Ropak Corp. v. Plastican, Inc., 2006 U.S. Dist. LEXIS 19912 at *13 (N.D. Ill. 2006)  In this case, a complete response requires for each asserted claim: 1) the identification of the facts which support YellowPages' non-infringement position; 2) the identification of each allegedly missing claim element in the accused services; 3) an explanation why each such element is not present in the accused services; 4) YellowPages' construction of each missing claim element; and 5) the identification of the persons most knowledgeable about YellowPages' non-infringement contentions.

**YellowPages Fails to Identify Its Invalidity Contentions**

CIVIX's Interrogatory No. 3 is a request to YellowPages to identify its invalidity contentions (Ex. C at 4-6).  Despite identifying more than 600 prior art references on which it intends to rely, YellowPages' answer with respect to all its §102 and §103 defenses is two sentences long (Ex. E at 8). There is no comparison of any reference to any asserted claim. There is no effort to describe which of the seven paragraphs of §102 apply to which prior art reference. There is no identification of which

---

[1] YellowPages separately contends that the term "accused Yellowpages.com services" is too vague to understand (Ex.E at 4). But CIVIX expressly defines this term in its interrogatories as "any system or service offered by or on behalf of Yellowpages.com for locating businesses or other points of interest in a geographic region or location ..." (Ex. C at 3). Lack of clarity is not the problem.

combinations of the 600 references are being asserted by YellowPages[2]. In addition, some references are described so vaguely as to be meaningless. For example, one prior art reference is described as "the CompuServe System" (Ex. E at 8) which is akin to claiming as a prior art reference "a Microsoft product."

YellowPages' §112 responses are no better, comprising a mere four sentences (Ex. E at 8-9). Worse, the entire content is little more than a restatement of the statutory requirements of §112. For example, 35 U.S.C. §112 ¶2 states:

> The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention.

YellowPages answers that its §112 ¶2 defense is that:

> "the asserted claims fail to particularly point out and distinctly claim the subject matter that the inventors appear to regard as their inventions."

(Ex. E at 9).

Clearly, this is not a reasonable response to a contention interrogatory, and it does nothing to facilitate an understanding of YellowPages' §112 ¶2 defense. The statement of YellowPages §112 ¶1 contentions are equally defective. More is required or trial on this issue will happen by ambush.

A proper response regarding YellowPages' §102 and §103 contentions should: 1) identify which references (alone or in combination) are asserted against which claims; 2) apply the alleged prior art against each of the cited claims in an element by element comparison; and 3) identify the facts that establish the references as prior art. For YellowPages' §103 obviousness contentions, a proper response will also include: 1) an explanation of the manner in which the references are combined; 2) an explanation of what was known to a person of ordinary skill in the art relevant to each obviousness

---

[2] Assuming that only two references are combined at a time, 600 references yields 179,700 different §103 combinations.

contention; 3) an identification of where YellowPages contends that the teaching, suggestion or motivation to combine references can be found for each obviousness combination; and 4) a description of the facts supporting any contention that the CIVIX inventions lack objective indicia of non-obviousness.

**Conclusion**

CIVIX does not have the luxury of waiting an untold number of weeks or months to receive the most fundamental discovery required in any patent case. Without this information, CIVIX is unable to pursue third party discovery related to YellowPages' invalidity contentions or take depositions of YellowPages' technical personnel on the structure, function and operation of the accused services. Moreover, these interrogatories were served on YellowPages on April 11, 2006. CIVIX has already given YellowPages nearly five full months to provide a good faith response without seeking intervention from the court. For the reasons stated above, CIVIX respectfully requests an order compelling YellowPages to provide a complete response to CIVIX's Interrogatory Nos. 2 and 3 as described by CIVIX above.

s/ *Gregory P. Casimer*
Raymond P. Niro
David J. Sheikh
Gregory P. Casimer
David J. Mahalek
NIRO, SCAVONE, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, Illinois 60602
(312) 236-0733

**Attorneys for Plaintiff, CIVIX-DDI, LLC**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing **CIVIX's MOTION TO COMPEL DISCOVERY FROM YELLOWPAGES.COM, LLC.** was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses on August 31, 2006:

>S. Benjamin Pleune (sbpleune@alston.com)
Bruce J. Rose (bruce.rose@alston.com)
ALSTON & BIRD LLP
Bank of America Plaza
101 S. Tryon Street, Suite 4000
Charlotte, North Carolina  28280-4000
(704) 444-1000
Fax: (704) 444-1111

>Charles A. Laff (calaff@michaelbest.com)
Steven E. Cyranoski (secyranoski@michaelbest.com)
MICHAEL BEST & FRIEDRICH
Two Prudential Plaza
180 North Stetson Avenue, Suite 2000
Chicago, Illinois 60601
(312) 222-0800
Fax: (312) 222-0818

>**Attorneys for National Association of Realtors, Homestore, Inc.**

>Jonathan F. Putnam (jputnam@kirkland.com)
Abigail M. Diaz-Pedrosa (adiaz-pedrosa@kirkland.com)
Atif Khawaja (akhawaja@kirkland.com)
Shima Baradaran-Robinson (sbaradaran@kirkland.com)
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, NY 10022
(212) 446-4963
Fax: (212) 446-4900

>Craig D. Leavell (cleavell@kirkland.com)
Aaron D. Charfoos (acharfoos@kirkland.com)
KIRKLAND & ELLIS, LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
(312) 861-2105
Fax: (312) 861-2200

>**Attorneys for Hotels.com, L.P., Hotels.com GP LLC and Travelocity.com, Inc.**

Marcus D. Fruchter (fruchter@sw.com)
Todd H. Flaming (flaming@sw.com)
SCHOPF & WEISS LLP
312 W. Randolph Street, Suite 300
Chicago, Illinois  60606-1721
(312) 701-9300

Michael A. Jacobs (mjacobs@mofo.com)
Richard S. Hung (rhung@mofo.com)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105
(415) 268-7455

Sunil R. Kulkarni (skulkarni@mofo.com)
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California  94304
(650) 813-5600

**Attorneys for Yahoo! Inc.**

Joseph H. Paquin, Jr. (jpaquin@mwe.com)
Paul E. Chronis (pchronis@mwe.com)
Keith M. Stolte (kstolte@mwe.com)
Krista Vink Venegas (kvinkvenegas@mwe.com)
McDERMOTT WILL & EMERY LLP
227 W. Monroe Street
Chicago, Illinois 60606
(312) 984-7704
Fax: (312) 984-7700

**Attorneys for Orbitz LLC**

Kevin J. O'Shea (koshea@winston.com)
Kimball R. Anderson (kanderson@winston.com)
WINSTON & STRAWN, LLP
35 W. Wacker Drive
Chicago, IL 60601
(312) 558-5600
Fax: (312) 558-5700

**Attorneys for YellowPages.com LLC**

s/ *Gregory P. Casimer*