IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| CIVIX-DDI, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 05 C 6869 |
| v. ) | |
| ) | Honorable Amy St. Eve |
| NATIONAL ASSOCIATION OF ) | |
| REALTORS, HOMESTORE, INC., ) | |
| HOTELS.COM, L.P. , HOTELS.COM ) | |
| GP LLC and YAHOO! INC., ) | |
| ) | |
| Defendants. ) | |

### CIVIX'S [REDACTED] MOTION FOR ENTRY OF JUDGMENT OF INFRINGEMENT AGAINST HOTELS.COM, OR ALTERNATIVE RELIEF

On May 25, 2007, Hotels.com's Rule 30(b)(6) designee admitted that Hotels.com destroyed the source code for the operation of its accused website for the entire period from May 3, 2004 through May 25, 2006, despite being placed on notice of CIVIX's patents-in-suit -- and potential litigation -- by at least May 3, 2004. This spoliation of evidence has serious implications in this suit because the operation of Hotels.com's website is directly relevant to at least two issues – infringement and Hotels.com's license defense. From the outset of this suit, Hotels.com has argued that its website operates in an non-infringing manner that falls within the scope of the CIVIX-NAVTEQ settlement agreement but, at the same time, has destroyed evidence that could prove just the opposite. Accordingly, CIVIX moves for entry of judgment of infringement for all pre-May 25, 2006 usage of the website. In the alternative, Hotels.com should be precluded from presenting any pre-May 2006 evidence of non-infringement. At an absolute minimum, CIVIX is entitled to an adverse inference jury instruction.

On June 21, 2007, CIVIX conferred with Hotels.com in an effort to resolve the subject matter of this motion, but the parties were unable to reach agreement.

I. **BACKGROUND**

Hotels.com admits that it was placed on notice of CIVIX's claims for infringement by at least May 3, 2004, when CIVIX provided Hotels.com with formal written notice of infringement (Exhibit A, Booker Dep. at 66-67). Hotels.com's privilege log shows that the company anticipated litigation from that date based upon its immediate contact with its current trial counsel, Jonathan Putnam, on May 6, 2004 (Exhibit B, Hotels.com's Privilege Log ("Email seeking legal advice regarding a potential claim by CIVIX against Hotels.com.")). Hotels.com was placed on notice of infringement of the '692 ("Go2") patent some 18 months before receiving CIVIX's letter because that patent issued on October 29, 2002 and, as this Court has found, CIVIX has evidence to show that statutory marking requirements were satisfied (Exhibit C, 9/14/05 Order in the CIVIX v. Expedia suit at 48).

On May 25, 2007, CIVIX took the deposition of Philippe Tulula, Hotels.com's Rule 30(b)(6) designee, on the operation of the accused web site and Hotel.com's document retention policy. Mr. Tulula testified that Hotels.com ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮ (Exhibit D, Tulula Dep. at 15). He also testified that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Id. at 16).

It was when CIVIX attempted to ascertain how Hotels.com's prior iterations of the accused system responded to a user's request that Hotels.com's destruction of evidence came to light. First, Mr. Tulula admitted that Hotels.com ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮:

2

> Q. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
> ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
>
> A. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

Id. at 26 (emphasis added).

Then, Mr. Tulula admitted that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ because Hotels.com had destroyed the source code:

> Q. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
>
> A. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
>
> Q. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
>
> A. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
>
> Q. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
>
> A. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
>
> Q. ▇▇▇▇▇▇▇▇▇▇▇
>
> A. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
>
> Q. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
>
> A. ▇▇▇
>
> Q. ▇▇

A. ■

(Id. at 26-27; emphasis added).

For purposes of this motion, Mr. Tulula's testimony established three key facts:

- To establish how prior iterations of the accused Hotels.com system responded to a user request, ■

- Hotels.com destroyed the source code (■).

- ■[1]

Most importantly, the two Hotels.com defendants in this case, Hotels.com L.P. and Hotels.com GP LLC, are operated by employees of **Expedia, Inc.**, which admitted

---

[1] Hotels.com was similarly cavalier in its retention of documents relating to the profitability of the accused system. Hotels.com's Rule 30(b)(6) designee on the profitability of the accused system testified that ■:

Q. ■

A. ■

(Exhibit E, Bearden Dep. at 40; emphasis added).

4

infringement and settled with CIVIX in October 2005, only days before trial (Exhibit A, Booker Dep. at 7-9). This means that the people who destroyed source code understood, or should have understood, the significance of keeping the code for purposes of CIVIX's claims for infringement against Hotels.com.

**II. ARGUMENT**

It is bad enough that Hotels.com ███████████████████████. But it is even worse that, after being put on actual notice of the patents-in-suit (and internally anticipating litigation), Hotels.com destroyed prior versions of its source code. The duty for Hotels.com to preserve evidence arose the minute Hotels.com received CIVIX's May 3, 2004 written notice of infringement. See Rambus Inc. v. Infineon Technologies AG, 220 F.R.D. 264, 281 (E. D. Va. 2004). Hotels.com indisputably failed to comply with this duty. The prejudice to CIVIX arising from Hotels.com's misconduct is self-evident. Hotels.com's Rule 30(b)(6) designee on the operation of the site admitted that he could not say how prior versions of the site operated because the source code was destroyed, and Hotels.com's centerpiece defense -- that it was and remains licensed -- hinges on the precise manner in which the accused web site operates.

Judgment of infringement should be entered against Hotels.com for all pre-May 2006 usage of the accused web site. In the alternative, Hotels.com should be precluded from presenting any pre-May 2006 evidence of non-infringement at trial. At a minimum, CIVIX should be entitled to an adverse inference jury instruction.

### A. The Severest Sanction Is Appropriate In This Case

CIVIX alerted Hotels.com of the spoliation issue shortly after receiving the transcript of the May 25, 2007 deposition of Mr. Tulula, and requested that it immediately investigate the issue and provide information on the results of the investigation as well as written assurance that the spoliation had ceased. (Exhibit F, 6/6/07 Sheikh Letter to Putnam, at p. 4). Hotels.com did not comply with CIVIX's request. Aside from a June 7, 2007 letter asking for information about where to find the deposition testimony regarding Hotels.com's spoliation of evidence (which CIVIX provided that same day), Hotels.com remained silent until the June 21, 2007 telephonic conference regarding the subject matter of this motion. During the telephonic conference, Hotels.com simply denied that any spoliation had occurred without addressing Mr. Tulula's testimony to the contrary.

The destruction of evidence of liability is a serious matter. In China Ocean Shipping v. Simone Metals, 1999 U.S. Dist. LEXIS 16264 (N.D. Ill. 1999), the trial court entered judgment against a plaintiff who destroyed evidence before an order of production:

> The duty to preserve evidence includes any relevant evidence over which the non-preserving entity had control and reasonably knew or could reasonably foresee was material to potential legal action.
>
> * * * *
>
> In appropriate cases "this power would even permit a court to impose the ultimate sanction of a grant of judgment (or its equivalent, dismissal with prejudice.)"

China Ocean Shipping, 1999 U.S. Dist. LEXIS 16264, *12, *16 (N.D. Ill. 1999).

Spoliation of evidence and sanctions for the destruction of evidence under Federal Rule of Civil Procedure 37(b)(2) are intimately interconnected. In the context of Rule

37(b)(2), motions for sanctions are appropriate where spoliation of evidence has taken place, particularly where that spoliation is as clear-cut and egregious as here.

Where bad faith is found, or evidence was destroyed wilfully or with fault, severe sanctions are appropriate. Mathis v. John Morden Buick, Inc., 136 F.3d 1153, 1155 (7th Cir. 1998). As in this case, in Computer Associates Int'l, Inc. v. American Fundware, Inc., 133 F.R.D. 166 (D. Colo. 1990), a party destroyed source code, despite being on notice that it was "irreplaceable evidence." As a consequence, the court ordered the entry of a default judgment, declaring:

> Comparing PC-Fund's source code to CA's was the only way to provide CA's claim that AF had copied its product. However, that comparison has been rendered all but impossible because AF intentionally destroyed the relevant version. ***Destroying the best evidence relating to the core issue in the case inflicts the ultimate prejudice upon the opposing party.***
>
> I find and conclude that ***no alternative sanction short of a default judgment would adequately punish AF and deter future like-minded litigants.*** Any lesser sanction would allow a party possessing defeat for the opponent while risking only a comparatively mild rebuke. once you anticipates that compliance with discovery rules, and the resulting production of damning evidence will produce an adverse judgment, will not likely be deterred fro destroying that decisive evidence by any sanction less than the adverse judgment he (or she) is tempted to thus evade. It follows that the only sanction adequate and appropriate to punish AF and deter future similarly situated litigants is default judgment on liability.

Id. at 170, emphasis added. Here, Hotels.com admittedly destroyed the best evidence of how prior versions of its web site were designed and operated.

Hotels.com's privilege log reveals that, on May 6, 2004, Hotels.com contacted its current trial counsel, Jonathan Putnam of Kirkland & Ellis, ***precisely*** because it anticipated litigation. Instead of instituting safeguards to insure the preservation of relevant documents (source code showing how its accused web site actually operated), Hotels.com did just the

7

opposite: It destroyed the source code, ███████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████ The fact that the destruction of source code was performed by Expedia employees who realized the seriousness of CIVIX's claims for infringement is further justification for the severe remedy requested here.

Hence, this case is like Carlucci v. Piper Aircraft Corporation, 102 F.R.D. 472 (S.D. Fla. 1984), where a defendant's intentional destruction of documents prevented a fair adjudication of the issue of liability:

> Having determined that Piper intentionally destroyed documents to prevent their production, the entry of a default is the appropriate sanction. Deliberate, willful and contumacious disregard of the judicial process and the rights of opposing parties justifies the most severe sanction. The policy of resolving lawsuits on their merits must yield when a party has intentionally prevented the fair adjudication of the case. By deliberately destroying documents, the defendant has eliminated the plaintiffs' right to have their cases decided on the merits. Accordingly, the entry of a default is the only means of effectively sanctioning the defendant and remedying the wrong.

Id. at 486 (citation omitted).

The Supreme Court has approved the entry of judgment in cases like this. National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639, 643 (1976) ("[T]he most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a motion, but to deter those who might be tempted to such conduct in the absence of such a deterrent."). So, too, has the Seventh Circuit. Allstate Insurance Co. v. Sunbeam Corp., 53 F.3d 804, 807 (7th Cir. 1995) (affirming dismissal of case for

spoliation of evidence).  Marrocco v. GM Corp., 966 F.2d 220, 225 (7th Cir. 1992) (directed verdict against defendant who lost and destroyed evidence through destructive testing).

For these reasons, CIVIX is entitled to the entry of judgment of infringement for all pre-May 2006 usage of the accused Hotels.com web site. ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

In the alternative, Hotels.com should be precluded from presenting any pre-May 2006 evidence of non-infringement at trial.  It would be grossly unfair to permit Hotels.com to present alternative evidence on how its accused system operated, or did not operate, after having improperly denied CIVIX an opportunity to have access to the best evidence that Hotels.com's witness says he needs to show how the system, in fact, was designed and operated.

### B. At An Absolute Minimum, CIVIX Is Entitled To An Adverse Inference Jury Instruction

At an **absolute minimum**, CIVIX is entitled to an adverse inference jury instruction against Hotels.com.  The "bad faith destruction of evidence relevant to proof of an issue at trial gives rise to a strong inference at the trial that production of the document would have been unfavorable to the party responsible for its destruction."  Coates v. Johnson & Johnson, 756 F.2d 524, 551 (7th Cir. 1985).  The jury should be instructed accordingly.

Courts have given adverse inference jury instructions where parties have destroyed relevant evidence, even where such destruction was not intentional.  For example, in Aero

Products International, Inc. v. Intex Recreation Corp., 2005 U.S. Dist. LEXIS 44169 (N.D.Ill,. Feb. 11, 2005), Judge Darrah gave an adverse inference instruction, even though the evidence apparently was destroyed pursuant to an established policy.

In Coleman Holdings, Inc. v. Morgan Stanley & Co., Inc., 2005 WL 679071 (Fla. Cir. Ct. March 1, 2005), the court encountered a situation where a party deleted e-mails "contrary to its legal obligation to maintain them for two years and with knowledge that legal action was threatened." Id. at 5. The court held that an adverse inference instruction was warranted, declaring:

> Sanctions in this context are not meant to be punitive. They are intended, though, to level the playing field.
>
> ***A reasonable juror could conclude that evidence of MS & Co.'s misconduct demonstrates its consciousness of guilty. It is relevant to the issues before the jury.*** Further, CPH should not be penalized by being forced to divert the jurors' attention away from the merits of its claim to focus on highly technical facts going to MS & Co.'s failures here, facts that are not reasonably disputed. Evidence of that failure, though, alone does not make CPH whole. Indeed, it can be said it is not a "sanction" at all, but merely a statement of unrefuted facts that the jury may find relevant. ***Shifting the burden of proof, though, forces MS & Co. to accept the practical consequence of its failures-that some information will never be known.***

Id. at 5 (emphasis added). See also, Partington v. Broyhill Furniture Industries, Inc., 999 F.2d 269, 272 (7th Cir. 1993) ("But if, being sensitive to the possibility of a suit, a company then destroys the very files that would be expected to contain the evidence most relevant to such a suit, the inference arises that it has purged incriminating evidence").

These observations and conclusions are apt here. Without an adverse instruction, we would have an uneven playing field. Hotels.com can make assertions about how its accused website operated from May 3, 2004 through May 2006 to address CIVIX's claims

for infringement and to support its license defense based upon those documents it kept, while depriving CIVIX and the Court of the documents it destroyed. CIVIX cannot fairly address the assertions of non-infringement without source code (or expert analyses of such code), showing how the system actually operated. While we may never know why Hotels.com destroyed the source code, the jury should be permitted to infer that the source code did not support Hotels.com's assertions. Only then would there exist the possibility of a full and fair adjudication of the infringement and license issues.

## III. CONCLUSION

For the reasons stated above, CIVIX respectfully requests that judgment of infringement be entered for all pre-May 2006 usage of the accused system. In the alternative, Hotels.com should be precluded from presenting any pre-May 2006 evidence of non-infringement at trial. At an absolute minimum, CIVIX is entitled to an adverse inference jury instruction as set forth above.

Respectfully submitted,

    *s/David J. Sheikh*
Raymond P. Niro
Paul K. Vickrey
David J. Sheikh
Gregory P. Casimer
David J. Mahalek
NIRO, SCAVONE, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, Illinois 60602
(312) 236-0733

**Attorneys for Plaintiff, CIVIX-DDI, LLC**

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **CIVIX'S MOTION FOR ENTRY OF JUDGMENT OF INFRINGEMENT AGAINST HOTELS.COM, OR ALTERNATIVE RELIEF** was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses on this 22nd day of June 2007:

> S. Benjamin Pleune (sbpleune@alston.com)
> Bruce J. Rose (bruce.rose@alston.com)
> ALSTON & BIRD LLP
> Bank of America Plaza
> 101 S. Tryon Street, Suite 4000
> Charlotte, North Carolina 28280-4000
> (704) 444-1000
> Fax: (704) 444-1111
>
> Charles A. Laff (calaff@michaelbest.com)
> Steven E. Cyranoski (secyranoski@michaelbest.com)
> Gretchen M. Hosty (ghkotleba@michaelbest.com)
> MICHAEL BEST & FRIEDRICH
> Two Prudential Plaza
> 180 North Stetson Avenue, Suite 2000
> Chicago, Illinois 60601
> (312) 222-0800
> Fax: (312) 222-0818
>
> **Attorneys for National Association of Realtors, Homestore, Inc.**
>
> Jonathan F. Putnam (jputnam@kirkland.com)
> Abigail M. Diaz-Pedrosa (adiaz-pedrosa@kirkland.com)
> Atif Khawaja (akhawaja@kirkland.com)
> Shima Baradaran-Robinson (sbaradaran@kirkland.com)
> KIRKLAND & ELLIS LLP
> 153 East 53rd Street
> New York, NY 10022
> (212) 446-4963
> Fax: (212) 446-4900

Craig D. Leavell (cleavell@kirkland.com)
Aaron D. Charfoos (acharfoos@kirkland.com)
KIRKLAND & ELLIS, LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
(312) 861-2105
Fax: (312) 861-2200

**Attorneys for Hotels.com, L.P. and Hotels.com GP LLC**

Marcus D. Fruchter (fruchter@sw.com)
Todd H. Flaming (flaming@sw.com)
SCHOPF & WEISS LLP
One South Wacker Drive, 28th Floor,
Chicago, Illinois 60606-4617
(312)701-9300
Fax: (312)701-9335

Michael A. Jacobs (mjacobs@mofo.com)
Richard S. Hung (rhung@mofo.com)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105
(415) 268-7455
Fax: (415) 268-7522

Sunil R. Kulkarni (skulkarni@mofo.com)
Timur S. Engin (tengin@mofo.com)
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304
(650) 813-5600
Fax: (650) 494-0792
**Attorneys for Yahoo! Inc.**


     *s/David J. Sheikh*