IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CIVIX-DDI, LLC,<br><br>                      Plaintiff,<br><br>  v.<br><br>HOTELS.COM, L.P. and<br>HOTELS.COM GP LLC,<br><br>                      Defendants. | Case No. 05 C 6869<br><br>Honorable Amy St. Eve |

**CIVIX-DDI, LLC'S MOTION TO STRIKE**
**HOTELS.COM'S NEW DEFENSES AND WITNESSES**

By this motion, plaintiff CIVIX-DDI, LLC ("CIVIX") requests that the Court strike each of the new defenses and witnesses identified by defendants Hotels.com, L.P. and Hotels.com GP, LLC (collectively, "Hotels.com") for the first time in their November 15, 2010 Supplemental Objections and Responses to CIVIX's Interrogatories 1-5, 8, 12-13 and 15 (Ex. A) and Third Supplemental Initial Disclosures Pursuant to Fed.R.Civ.P. 26(a)(1). (Ex. B). The new information is highlighted in Exhibits A and B.

The new defenses are 1) license and patent exhaustion defenses based on a 2008 "Google Maps API Premier Purchase Agreement" between Google and Hotels.com, and 2) an invalidity defense based on the "T-III Real Estate System." Hotels.com disclosed its agreement with Google and the T-III Real Estate System for the first time in its November 15, 2010 supplemental interrogatory responses, even though the agreement allegedly existed two years ago. The new witnesses are five Hotels.com employees and "one or more persons associated with Google, Inc." who were also identified for the first time in Hotels.com's supplemental initial disclosures and supplemental response to Interrogatory No. 1.

To paraphrase Hotels.com in its December 16, 2009 motion to strike CIVIX's amended infringement contentions earlier in the case:

> [Hotels.com]'s new assertions disrupt this litigation by improperly injecting new issues at this last stage to the prejudice of [CIVIX].  That [Hotels.com]'s accusations continue to evolve at this stage of the litigation speaks to the impropriety of the new contentions and underscores the need for the Court's intervention.
>
> * * * *
>
> [Hotels.com]'s contentions significantly **broaden** the scope of discovery, and the case as a whole.  Moreover, these contentions have nothing to do with the results of the [Court's claim construction rulings], and therefore cannot be inserted into this case in view of changed circumstances ….  Indeed, if [Hotels.com] wanted to assert these new contentions, it should have done so… on or before the [January 10, 2009] deadline this Court set [for the completing of fact discovery].

(See Dkt. 554, at pp. 3-4).

The impropriety of Hotels.com's new disclosures and the unfair prejudice to CIVIX are clear: Hotels.com could and should have made the disclosures during the fact discovery period and, because the disclosures were made after the close of fact discovery, CIVIX has been deprived of an opportunity to investigate, prepare and conduct meaningful fact discovery on them. (See Dkt. No. 598 (granting Yahoo!'s motion to strike CIVIX's amended infringement contentions "[b]ecause CIVIX has failed to sufficiently explain its belated attempt to bring these claims")).  CIVIX should not be put in the position of having to conduct further discovery in any event.  As the Court made clear at the October 26, 2010 status hearing, there has been enough fact discovery in this case.

CIVIX has complied with the pre-filing conference requirements of Local Rule 37.2.  Specifically, one of CIVIX's attorneys (David Sheikh) contacted one of Hotels.com's attorneys (Abigail Diaz-Pedrosa) by telephone on November 18, 2010, to discuss the subject matter of this motion.  Mr. Sheikh explained CIVIX's positions on the new defenses and witnesses and asked Ms. Diaz-Pedrosa whether Hotels.com would agree to withdraw them voluntarily.  Ms. Diaz-

Pedrosa agreed to promptly discuss the matter with her co-counsel and respond. Mr. Sheikh followed up with Ms. Pedrosa-Diaz on November 19, 2010. (Ex. C, 11/19/2010 Sheikh Email to Diaz-Pedrosa). On November 22, 2010, Ms. Diaz-Pedrosa sent Mr. Sheikh a letter stating that Hotels.com would not withdraw the new defenses and witnesses. (Ex. D, 11/22/2010 Diaz-Pedrosa Letter to Sheikh).[1] Hotels.com's refusal to voluntarily withdraw its new defenses and witnesses left this motion to strike as CIVIX's only recourse.

## I. BACKGROUND

We don't need to rehash the extensive history of this case: The Court is already aware of most of the events that led up to this motion, including the October 26, 2010 status hearing and communications between CIVIX and Hotels.com following that hearing. The status hearing was the parties' first appearance before the Court since its claim construction rulings. The Court set dates for expert discovery and dispositive motions. The Court also directed the parties "to supplement discovery by 11/15/10." (Dkt. No. 652).[2] The key word here is "*supplement*." As the Court made clear during the hearing, "supplement" does not mean the disclosure of new defenses, new evidence or new witnesses; on the contrary, it means updating existing defenses. The Court used financial information – something that CIVIX had specifically identified to Hotels.com -- as an example. The Court agreed that Hotels.com should update its financial disclosures so that CIVIX would have current revenue and profit information relating to the accused systems. The Court directed the parties to narrow their requests for supplementation (i.e., updating).

---

[1] Ms. Diaz-Pedrosa's letter also raises an issue related to Hotels.com's inability to play videos produced by CIVIX and an issue relating to CIVIX's supplemental interrogatory responses. The first issue is being addressed by IT personnel at our firm. The second issue was not raised in the November 18, 2010 call or at any time before the November 22, 2010 letter.

[2] The Order actually says "11/**5**/10," but, based on what the Court and the parties discussed at the hearing, the parties believe this was a typographical error and the correct date was 11/15/10.

CIVIX promptly contacted Hotels.com to identify seven distinct areas where supplementation was required, either because new information had been generated since Hotels.com's last responses to CIVIX's discovery requests (e.g., financial information and Hotels.com's current business plan) or to take into account the Court's claim construction rulings. (Ex. E, 10/27/2010 Sheikh Letter to Putnam). In response, Hotels.com stated that it would "provide the appropriate supplementation by the Court-imposed November 15th deadline," but Hotels.com did not address CIVIX's specific requests. (Ex. F, 10/29/2010 Diaz-Pedrosa Letter to Sheikh). CIVIX asked Hotels.com to address the specific requests in CIVIX's October 27, 2010 letter so CIVIX would know what it would and would not be receiving. (Ex. G, 11/1/2010 Sheikh Letter to Diaz-Pedrosa). Hotels.com responded on November 2, 2010, stating that it would provide supplementation by November 15, 2010, as ordered by the Court. (Ex. H, 11/2/2010 Diaz-Pedrosa Letter to Sheikh). Notably, Hotels.com said that it would supplement its non-infringement contentions, its invalidity contentions, its identification of witnesses, its contentions regarding rights under the CIVIX patents and its disclosures regarding the architecture of the accused systems "*as necessary in view of the Court's October 25, 2010* **Markman** *Order*." (Ex. H, at pp. 1-2, emphasis added). Hotels.com did not say that it would be adding new defenses, evidence or witnesses, much less for reasons unrelated to the Court's claim construction rulings.

## II. THE NEW LICENSE AND PATENT EXHAUSTION DEFENSES

Hotels.com states in its November 15, 2010 supplemental response to Interrogatory No. 15 that "[i]n late 2008, Hotels.com contracted for rights to protected technology from Google, Inc., under an agreement executed on December 29, 2008. That agreement was supplemented in 2010 through an amendment that was fully-executed as of June 2, 2010." (Ex. A, at p. 11). Hotels.com further states that, under its agreement with Google, it receives "proprietary documentation and software," "the Google Maps service" and "third-party data" that Google

relies on for use in connection with these products and services. (Ex. A, at p. 11). Hotels.com asserts that its agreement with Google makes it a third party beneficiary of CIVIX's license to Google, and gives rise to a patent exhaustion defense because CIVIX already authorized the sale of the products and services being supplied by Google. (Ex. A, at p. 12). Hotels.com also produced copies of the December 29, 2008 agreement, a June 2, 2010 amendment to it and associated documents on November 15, 2010.

Hotels.com could and should have produced a copy of its agreement with Google and disclosed its defenses based on the agreement long before November 15, 2010. For example, why didn't Hotels.com provide this information when or shortly after the Court re-opened discovery in September 2009? That would have allowed CIVIX to investigate and take discovery on the agreement and the defenses before fact discovery closed on January 10, 2009.

License and patent exhaustion issues are not recent revelations to Hotels.com. It asserted a license defense in its initial response to CIVIX's complaint, and added a defense based on patent exhaustion (based on CIVIX's agreements with NAVTEQ and Microsoft) in its February 3, 2010 amended answer and counterclaims. (See Dkt. No. 585). Hotels.com could and should have disclosed this defense well before the close of fact discovery.

Hotels.com's late disclosure of the agreement and defenses cannot be justified based on the Court's October 25, 2010 claim construction rulings. Those rulings had nothing to do with license or patent exhaustion defenses.

The prejudice to CIVIX if Hotels.com were permitted to pursue its new license and patent exhaustion defenses based on the Hotels.com-Google agreement would be severe. CIVIX is no longer able to obtain fact discovery from Hotels.com and Google to understand the agreement and how the products and services it concerns are used in the accused Hotels.com systems. It would be unreasonably burdensome to require CIVIX to pursue this additional fact

discovery while also conducting expert discovery and possibly responding to dispositive motions.

Hotels.com contends that the new license and patent exhaustion defenses are not new because Hotels.com supposedly began using Google data and technology in August 2010. (Ex. D, 11/22/2010 Diaz-Pedrosa Letter to Sheikh). However, the fact remains that the contract with Google was in place by December 2008. And did it really dawn on Hotels.com that the Google contract might be relevant and discoverable only after August 2010, even though Hotels.com had entered into the contract 20 months earlier? Hotels.com could and should have disclosed that it would be using the Google data and technology before fact discovery closed on January 10, 2009. Hotels.com also tries to justify its conduct by pointing to CIVIX's supplemental production of letters it sent to infringers of the CIVIX patents. *Id.* This apples and oranges comparison cannot justify what Hotels.com has done. The letters – boilerplate notice letters -- relate to two new suits for patent infringement filed by CIVIX against entities that have no relationship with Hotels.com. Hotels.com was already aware of the suits, and could obtain information about them from the public record docket. The letters have little, if any, relevance to this suit. By contrast, Hotels.com is attempting to fundamentally change this case by adding ***brand new, substantive defenses*** after the close of fact discovery.

### III.     THE NEW PRIOR ART INVALIDITY DEFENSE

In its November 15, 2010 supplemental response to Interrogatory No. 13, Hotels.com identifies "third-party T-III Real Estate Systems, who developed, manufactured, made publicly available and/or sold a prior art system for locating items of interest through the use of a database, which included a Touch Screen Consumer Kiosk." (Ex. A, at p. 9). Hotels.com states that "***on information and belief***, the T-III system was available to the public by 1994," and that it anticipates the asserted claims. (Ex. A, at pp. 9-10, emphasis added). Hotels.com also produced summary brochures about the T-III system on November 15, 2009.

As the Court is aware, Hotels.com's prior art invalidity positions were hotly contested during fact discovery. Indeed, CIVIX's Interrogatory 13, which ask for an identification of prior art on which Hotels.com will rely and an explanation of why the art allegedly invalidates CIVIX's patents, was the subject of a motion to compel granted by Magistrate Judge Schenkier on April 17, 2007. (Dkt. 313). Hotels.com supplemented its response to Interrogatory No. 13 four times (not including its November 15, 2010 supplemental response) during the fact discovery period, but did not identify the T-III Real Estate System. Clearly a diligent investigation by Hotels.com would have revealed the system.

Hotels.com cannot meritoriously claim that its late disclosure of the T-III Real Estate System was justified by the Court's October 25, 2010 claim construction rulings because Hotels.com contends that the rulings did not change the scope of the claims in a way that affects its non-infringement or validity positions. (See, Ex. A, at pp. 3, 5 and 9).

Hotels.com contends that it only recently discovered the T-III Real Estate System. (Ex. D, 11/22/2010 Diaz-Pedrosa Letter to Sheikh). But, this was within Hotels.com's control. Any party in any case can do an incomplete investigation during fact discover and then ramp up its efforts after the close of fact discovery. Hotels.com suggests that its late disclosure of the T-III Real Estate System is fine because CIVIX can ask Hotels.com's expert about it. *Id.* Applying that logic we should not have had fact discovery at all. Of course CIVIX was entitled to know about and to take fact discovery on any and all prior art that Hotels.com is relying on in this case. For example, CIVIX was entitled to obtain discovery from Errol Samuelson, the Move, Inc. employee identified for the first time in Hotels.com's November 15, 2010 supplemental response to Interrogatory No. 13. (Ex. A, at p. 10). As Hotels.com would have it, CIVIX should not be permitted to obtain this discovery; CIVIX must rely entirely on what Hotels.com's expert says about the T-III Real Estate System.

Here is the bottom line: Information on the T-III Real Estate system was publicly available since before this litigation was initiated, and Hotels.com could have and should have done a diligent investigation of that system in formulating its invalidity contentions. Such an investigation should have been completed during the lengthy fact discovery period in this case. Having apparently failed to conduct the investigation it wishes it long ago had, Hotels.com cannot go around the Federal Rules of Civil Procedure and try to expand its case. This argument may sound familiar, and it should: It is the *same argument* Hotels.com made about its publicly accessible websites in its December 16, 2009 motion to strike CIVIX's amended infringement contentions. (See Dkt. 554, at p. 5).

### IV. THE NEW WITNESSES

As noted, Hotels.com identified six or more new witnesses in its November 15, 2010 initial disclosures and supplemental response to Interrogatory No. 1. *Five of these witnesses are Hotels.com's own employees*. Hotels.com says that these employees have information relating to its non-infringement positions. (See Ex. B, at pp. 2-3). Hotels.com has not explained why it failed to identify these employees earlier. Regardless, how could Hotels.com not know about its own employees?

Hotels.com cannot meritoriously claim that the Court's claim construction rulings made it necessary to identify these particular employees because, as noted above, Hotels.com states in its supplemental interrogatory responses that the rulings had no material effect on its non-infringement positions.

Moreover, the record indicates that Hotels.com has been aware of the newly identified employees and their potential relevance to the case since before the close of fact discovery. Specifically, in a January 8, 2010 letter to CIVIX regarding CIVIX's Notice of Rule 30((b)(6) Deposition of Hotels.com, Hotels.com vaguely alluded to "deponents …located in London and Dallas, where they reside and work." (Ex. I, 1/8/2010 Khawaja Letter to Sheikh). So far as

appears, the newly identified Hotels.com employees are these London and Dallas witnesses. The Rule 30(b)(6) deposition ultimately took place in Dallas (see Dkt. No. 578), and none of the Hotels.com employees identified in the November 15, 2010 supplemental disclosures or supplemental response to Interrogatory No. 1 were made available for deposition or even identified.

Allowing Hotels.com to rely on the newly identified employees would be unfairly prejudicial to CIVIX. For example, CIVIX was deprived of the ability to take the depositions of these witnesses and to pursue further discovery based on their testimony.

Hotels.com contends that its November 15, 2010 disclosure of new employee witnesses is justified because of "recent turnover" at the company. (Ex. D, 11/22/2010 Diaz-Pedrosa Letter to Sheikh). But, applying that logic, a party could avoid its disclosure obligations simply by reassigning key witnesses after the close of discovery. Hotels.com was and is in control of its employees and it, not CIVIX, should suffer the consequences of employee turnover. Hotels.com suggests CIVIX has not been unfairly prejudiced by Hotels.com's late disclosure because CIVIX took the depositions of two former Hotels.com employees – Philippe Tulula and David McIntosh – during fact discovery. CIVIX's prior depositions of Messrs. Tulula and McIntosh are irrelevant to the unfair prejudice to CIVIX caused by the post-discovery disclosure of *different* employee witnesses. For example, how can CIVIX possibly use the prior testimony of Messrs. Tulula and McIntosh in examining the new employee witnesses at trial?

Hotels.com also vaguely identifies "[o]ne or more persons associated with Google, Inc." (Ex. B, at p. 3). We presume that these "one or more persons" have information relating to Hotels.com's new license and patent exhaustion defenses based on the December 29, 2008 Hotels.com-Google agreement. Hotels.com should not be permitted to rely on these "one or more persons" for the reasons stated above in connection with the new license and patent exhaustion defenses and, independently, because CIVIX has been deprived of the ability to take

the depositions of the "one or more persons" (whoever they are) and to pursue further discovery based on their testimony.

## V. HOTELS.COM'S LATE DISCLOSURES ARE INCONSISTENT WITH THE LOCAL PATENT RULES, AND THEY VIOLATE THE FEDERAL RULES OF CIVIL PROCEDURE

Judge Kennelly addressed a nearly identical situation in *Illinois Computer Research, LLC v. Harpo Productions*, Case No. 08 C 7322 (N.D. Ill.) (Ex. J), where the defendant added witnesses and defenses after the close of fact discovery. Judge Kennelly granted the plaintiff's motion to strike the new witnesses, as the Court should do here.

First, Judge Kennelly found that holding back on fact discovery or the disclosure of fact witnesses was inconsistent with the Local Patent Rules ("LPR") and the Court's scheduling order which imposed a deadline for the completion of fact discovery:

> The structure of the LPR and the scheduling order that the Court entered in this case make it clear that neither the LPR nor the Court in this case contemplated that a party would hold back on fact discovery or disclosure of fact witnesses until after a claim construction ruling. Rather, as the Court indicated earlier, the opposite is true: the LPR place the start of the claim construction process near the end of fact discovery so that claim construction can focus on points that fact discovery revealed are likely to be outcome-determinative or otherwise significant.
>
> The entire structure of the LPR and the scheduling order in this case would be turned on its head were one or both parties to defer disclosing or deposing witnesses until after a claim construction ruling.

(Ex. J, at pp. 10-11).

The Local Patent Rules were not in place when this case began, but the Court's scheduling order and pretrial procedures have been consistent with the Local Patent Rules. Certainly the Court implemented the spirit of the rules by placing the claim construction process near the end of fact discovery and by limiting the scope of discovery after the claim construction rulings to supplementation of existing information, not new information.

Judge Kennelly next addressed the Federal Rules of Civil Procedure, noting that the duty to supplement imposed by Fed.R.Civ.P. 26(e) requires the supplementation or correction of disclosures or responses to discovery requests "'***in a timely manner*** if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.'" (Ex. J, at pp. 12-13, quoting Fed.R.Civ.P., 26(e)(1)(A)).

Judge Kennelly found that the disclosure of new witnesses after the close of fact discovery did not constitute "timely" supplementation. Likewise, Hotels.com's disclosure of new witnesses and new defenses after the close of discovery cannot be considered "timely."

Judge Kennelly then turned to Fed.R.Civ.P. 37(c), which states that "if a party fails to provide or supplement information required by Fed.R.Civ.P. 26(a) or (e), 'the party is not allowed to use that information or witness to supply evidence…unless the failure was substantially justified or is harmless.'" (Ex. J, at p. 20, quoting Fed.R.Civ.P., 37(c)(1)).

Furthermore:

> Under Rule 37(c)(1), "the sanction of exclusion is automatic and mandatory unless the sanctioned party can show that is violation of Rule 26(a) was either justified or harmless." *David v. Caterpillar, Inc.*, 354 F.3d 851, 857 (7th Cir. 2003) (quoting *Salgado v. General Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998)). In determining whether the party that failed to comply with the Rules has met its burden, a court considers the prejudice or surprise to the party against which the evidence is offered; that party's ability to cure the prejudice; the likelihood that trial would be disrupted; and any bad faith or willfulness in not disclosing the evidence earlier. *Id.*

(Ex. J, at p. 20).

Judge Kennelly found that the defendant's post-discovery disclosures constituted unfair surprise to and would unfairly prejudice the plaintiff because discovery had closed and the defendant could and should have made its disclosures during the fact discovery period. Likewise, as explained above, Hotels.com could and should have disclosed the information in its November 15, 2010 supplemental interrogatory responses and supplemental initial disclosures

- 11 -

during the fact discovery period. These disclosures came as a complete surprise to CIVIX – and presumably to the Court as well. And the unfair prejudice to CIVIX is clear – CIVIX has been deprived of the ability to take the substantial amount of discovery that would be required to understand and test the new defenses and to learn what the new witnesses know and don't know.

## VI. CONCLUSION

Hotels.com's opposition to CIVIX's attempts to amend its infringement contentions earlier in the case, while fact discovery was still open, can be fairly characterized as "vehement." Hotels.com recited a parade of horribles that would ensue if CIVIX were permitted to add new infringement contentions, including the reopening of fact discovery and extensions to pretrial deadlines. (See Dkt. No. 581, at pp. 10-11). The Court agreed, and prevented CIVIX from amending its contentions. (See Dkt. No. 591). Accordingly, Hotels.com's attempt to add defenses and evidence to the case – *eleven months after the close of fact discovery* – is difficult to understand and impossible to accept. Hotels.com's license and patent exhaustion defenses based on its agreement with Google (and associated documents), its invalidity defense based on the T-III Real Estate System (and associated documents) and its Third Supplemental Initial Disclosures should be stricken, and Hotels.com should be precluded from relying on any of this information in this case.

        Respectfully submitted,

         /s/David J. Sheikh
        Raymond P. Niro
        Paul K. Vickrey
        David J. Sheikh
        Gregory P. Casimer
        NIRO, HALLER & NIRO
        181 West Madison Street, Suite 4600
        Chicago, IL 60602
        (312) 236-0733
        Fax: (312) 236-3137

        *Attorneys for CIVIX-DDI, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 23, 2010 the foregoing

**CIVIX-DDI, LLC'S MOTION TO STRIKE
HOTELS.COM'S NEW DEFENSES AND WITNESSES**

was filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following counsel of record.

>Jonathan F. Putnam (jputnam@kirkland.com)
>Abigail M. Diaz-Pedrosa (adiaz-pedrosa@kirkland.com)
>Atif Khawaja (akhawaja@kirkland.com)
>Shima Baradaran-Robinson (sbaradaran@kirkland.com)
>KIRKLAND & ELLIS LLP
>153 East 53rd Street
>New York, NY 10022
>(212) 446-4963
>Fax: (212) 446-4900
>
>Craig D. Leavell (cleavell@kirkland.com)
>Aaron D. Charfoos (acharfoos@kirkland.com)
>KIRKLAND & ELLIS, LLP
>200 East Randolph Drive
>Chicago, Illinois 60601-6636
>(312) 861-2105
>Fax: (312) 861-2200
>***Attorneys for Hotels.com, L.P. and Hotels.com GP LLC***

    */s/David J. Sheikh*