**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CIVIX-DDI, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 05 C 6869 |
| | ) |
| HOTELS.COM, LP and HOTELS.COM GP LLC, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Plaintiff Civix-DDI, LLC ("Civix") accused Defendants Hotels.Com, LP, and Hotels.Com GP, LLC (collectively "Hotels.com") of infringing Claims 20 and 26 of U.S. Patent No. 6,385,622 ("the '622 patent") and Claim 23 of U.S. Patent No. 6,415,291 ("the '291 patent"). On August 19, 2011, the Court granted Hotels.com's summary judgment motion disposing of Civix's infringement claims. The Court presumes familiarity with the August 29, 2011, Memorandum, Opinion, and Order. Before the Court is Civix's Federal Rule of Civil Procedure 54(b) motion to reconsider the Court's August 19, 2011 order in relation to Claim 23 of the '291 patent based upon the Federal Circuit's *en banc* decision in *Akamai Tech., Inc. v. Limelight Networks, Inc.,* 692 F.3d 1301 (Fed. Cir. 2012) (per curiam).

For the following reasons, the Court, in its discretion, grants Civix's motion for reconsideration because there are genuine disputes as to the material facts of whether Hotels.com induced infringement under 35 U.S.C. § 271(b) in relation to the elements of Claim 23 of the '291 patent. The Court, however, rejects any argument that under *Akamai*, Hotels.com and its

users directly infringed Claim 23 of the '291 patent because the *Akamai* court made it abundantly clear that its decision was "not predicated on the doctrine of direct infringement," and thus it had "no occasion at th[at] time to revisit any of those principles regarding the law of divided infringement as it applies to liability for direct infringement under 35 U.S.C. § 271(a)." *Id.* at 1307.

## BACKGROUND

On December 6, 2005, Civix filed the present patent infringement lawsuit against Hotels.com, as well as other companies that are no longer parties to this lawsuit. On August 24, 2006, Civix filed a Second Amended Complaint alleging that Hotels.com had infringed the '622 patent and the '291 patent, as well as other intellectual property rights. On June 2, 2006, Hotels.com filed a motion for partial summary judgment based on the CIVIX-Navteq and CIVIX-Mapquest agreements in which Hotels.com invoked its status as a third-party beneficiary to the licenses and covenants-not-to-sue contained in these agreements. On January 22, 2007, the Court granted partial summary judgment as to Hotels.com with respect to certain alleged infringement for activities under the MapQuest-Hotels.com license agreement. The Court further concluded that although Hotels.com was a third-party beneficiary to the CIVIX-Navteq agreement, there were genuine issues of material fact for trial concerning whether Hotels.com's activities related to the Navteq technology.

On September 17, 2007, the Court stayed these proceedings pending the U.S. Patent and Trademark Office's ("PTO") ex parte reexamination of the '291, '622, and other patents. In August 2009, the PTO issued reexamination certificates for the '622 and '291 patents, which cancelled many, but not all of the claims. After the Court lifted the stay in this matter, Hotels.com filed a Second Amended Answer and Counterclaims on February 3, 2010. After the

parties conducted discovery, on May 4, 2011, Hotels.com filed a motion for summary judgment arguing that there was no direct or induced infringement of both Claim 20 of the '622 patent and Claim 23 of the '291 patent. Civix, however, did not move for summary judgment to resolve any of Hotels.com's counterclaims. On August 19, 2011, the Court granted Hotels.com's summary judgment motion disposing of Civix's infringement claims and mistakenly entered a final judgment order without addressing Hotels.com's counterclaims. On September 15, 2011, Civix filed a notice of appeal to the Federal Circuit. On May 1, 2012, the Federal Circuit dismissed Civix's appeal for lack of jurisdiction. *See* 28 U.S.C. § 1295(a)(1).

Upon remand and after the Court denied Civix's motion for entry of judgment pursuant to Rule 54(b), the Court set a trial date of January 23, 2013 for Hotels.com's remaining counterclaims. Since then, the Federal Circuit issued its *en banc* decision in *Akamai* upon which Civix bases its motion for reconsideration of the Court's August 19, 2011, Memorandum, Opinion, and Order granting Hotels.com's summary judgment motion.

## LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) permits the Court to exercise its inherent authority to reconsider its interlocutory orders. *See Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) ("every order short of a final decree is subject to reopening at the discretion of the district judge"); *Sims v. EGA Prods., Inc.*, 475 F.3d 865, 870 (7th Cir. 2007) ("nonfinal orders are generally modifiable"). Reconsideration motions under Rule 54(b) serve the limited function of correcting manifest errors of law or fact. *See Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987); *Zurich Capital Mkt., Inc. v. Coglianese*, 383 F. Supp.2d 1041, 1045 (N.D. Ill. 2005). As the Seventh Circuit explains, "[i]t is well established that a motion to reconsider is only appropriate where a court has

misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered." *Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc*., 906 F.2d 1185, 1191 (7th Cir. 1990)). Whether to grant a motion for reconsideration is "entrusted to the sound judgment of the district court." *Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996); *see also Damasco v. Clearwire,* 662 F.3d 891, 891 (7th Cir. 2011).

## ANALYSIS

### I. Significant Change in Law

In its motion for reconsideration, Civix contends that the Federal Circuit's decision in *Akamai* is a significant change in law warranting the Court to reconsider its summary judgment ruling. The Court agrees. In *Akamai,* the Federal Circuit addressed the questions of "whether a defendant may be held liable for induced infringement if the defendant has performed some of the steps of a claimed method and has induced other parties to commit the remaining steps or if the defendant has induced other parties to collectively perform all the steps of the claimed method, but no single party has performed all of the steps itself." *Id.* at 1305 (internal parentheticals omitted). In doing so, the Federal Circuit held that "all the steps of a claimed method must be performed in order to find induced infringement, but that it is not necessary to prove that all the steps were committed by a single entity." *Id.* at 1306. The *Akamai* decision thus overruled the portion of *BMC Resources, Inc. v. Paymentech, L.P.,* 498 F.3d 1373 (Fed. Cir. 2007), which required "that in order for a party to be liable for induced infringement, some other single entity must be liable for direct infringement." *Akamai,* 692 F.3d at 1306.

4

The Federal Circuit in *Akamai* remanded the two district court decisions in which the lower courts concluded that the accused infringers did not induce infringement because third-parties performed one or more of the claimed steps of the asserted method claim. *See id.* at 1306-07. As the *Akamai* court explained, the claimed method in the *Akamai* district court case was directed to a method of efficiently delivering web content. *See id.* at 1306. In particular, the claimed method included the following steps: (1) placing some of a content provider's content elements on a set of replicated servers; and (2) modifying the content provider's web page to instruct web browsers to retrieve that content from those servers. *See id.* The accused infringer, Limelight, performed the first step of content placement, however, it did not perform the second step of the modification. *See id.* Instead, Limelight instructed its customers of the steps necessary to perform the modification. *See id.* Accordingly, the *Akamai* district court case highlighted the situation in which the "defendant has performed some of the steps of a claimed method and has induced other parties to commit the remaining steps." *See id.* The Federal Circuit remanded the matter and directed the *Akamai* district court to apply the following test to determine whether Limelight was liable for inducing infringement: "(1) Limelight knew of Akamai's patent; (2) it performed all but one of the steps of the method claimed in the patent; (3) it induced the content providers to perform the final step of the claimed method; and (4) the content providers in fact performed that final step." *Id.* at 1318.

Similarly, in *McKesson*, the claimed method was directed to a method of electronic communication between healthcare providers and their patients. *See id.* at 1306. The accused infringer, Epic, did not perform any steps of the patent, instead, Epic provided the software that the patients and healthcare providers used, after which the patients and healthcare providers would perform the claimed steps. *Id.* The *McKesson* case thus highlighted the problems with

5

situations in which "the defendant has induced other parties to collectively perform all the steps of the claimed method, but no single party has performed all of the steps itself." *See id.* at 1305. The Federal Circuit remanded *McKesson* stating that "Epic can be held liable for inducing infringement if it can be shown that (1) it knew of McKesson's patent, (2) it induced the performance of the steps of the method claimed in the patent, and (3) those steps were performed." *Id.* at 1318.

In sum, when holding that "all the steps of a claimed method must be performed in order to find induced infringement, but that it is not necessary to prove that all the steps were committed by a single entity," the Federal Circuit reasoned:

> [A] party who performs some of the steps itself and induces another to perform the remaining steps that constitute infringement has precisely the same impact on the patentee as a party who induces a single person to carry out all of the steps. It would be a bizarre result to hold someone liable for inducing another to perform all of the steps of a method claim but to hold harmless one who goes further by actually performing some of the steps himself.

*Id.* at 1309.

## II. Asserted Claim at Issue

As discussed in the Court's August 2011 summary judgment order, dependent Claim 23 of the '291 patent is directed to "[a] method of claim 21, wherein the step of supplying information comprises supplying one or more video clips and digitized images related to the one item of interest." Claim 21 comprises "[a] method of claim 14, wherein the step of supplying information comprises supplying advertising information about a business." Independent Claim 14 states:

> A method for determining the position of one or more items of interest in a selected category, comprising:

6

storing information about the items of interest in a database, the information
including, for each of the items of interest, at least one associated category and
spatial detail defining a geographic position; and

supplying information about at least one of the items of interest to one of a
plurality of ports, connected to the database at least in part through the Internet, in
response to inputs at the one port, wherein a user at the port may locate the one
item of interest.

### III. Summary Judgment Order

In the August 19, 2011 order granting summary judgment, the Court concluded that Hotels.com did not infringe Claim 23 of the '291 patent because (1) the accused method does not store or supply "advertising information about a business" and (2) the Hotels.com database does not store video. In the present motion, Civix argues that because the Court applied precedent that *Akamai* overruled, there are genuine disputes as to the material facts whether Hotels.com induced infringement in violation of 35 U.S.C. § 271(b).

#### A. Whether Accused Method Stores or Supplies Advertising Information About a Business

At summary judgment, when determining whether the accused method stores or supplies advertising information about a business, the Court relied upon the undisputed fact that the Hotels.com database does not store advertising information and that Civix had "not introduced any evidence to the effect that Hotels.com, as opposed to a third party, delivers advertising information about a business." Under the substantive change of law under *Akamai*, however, the fact that there was no evidence in the record that Hotels.com delivers advertising information about a business *itself* is no longer the appropriate inquiry for the Court to consider when determining whether Hotels.com is liable. *See Akamai*, 692 F.3d at 1306 (holding that it is not necessary to establish that all the steps were committed by a single entity for a finding of induced infringement).

In Hotels.com's summary judgment opening brief, it maintained that third-party DoubleClick provides the step of "supplying advertising information about a business." (R. 679, Def.'s SJ Mem., at 23.) As such, because induced infringement is not a strict liability tort, there is a genuine dispute of material fact whether Hotels.com knowingly induced DoubleClick's alleged infringement and possessed specific intent to encourage another's infringement. *See Akamai,* 692 F.3d at 1308. Also at summary judgment, Civix presented undisputed evidence that Hotels.com uses iFrame, which designates advertising space on the search results page and directs the user's browser to obtain advertising content to fill the space. (R. 697, Hotels.com Rule 56.1 Resp. ¶ 42.) As such, there is a genuine dispute of material fact whether Hotels.com induced a user to engage in an infringing manner. Moreover, under *Akamai*, inducement does not require that Hotels.com directed or controlled the third-party's conduct, instead, it is enough for Civix to show that Hotels.com caused, urged, encouraged, or aided the infringing conduct and that the third-party carried out this conduct. *Id.* These are all questions for the jury.

**B.     Whether Accused Method Stores Video**

Next, at summary judgment, the Court concluded that there was no factual dispute that Hotels.com did not store video on its own database. In view of *Akamai,* however, the appropriate inquiry is whether the accused method stores video either in its own database or stores video via a third-party. *See id.* at 1306. In response to Civix's Rule 56.1 Statement of Additional Facts, specifically ¶ 46, Hotels.com stated that it is "[u]ndisputed that Hotels.com formerly stored a procedure to obtain virtual tours from Expedia, which is a third party (not controlled by Hotels.com) and not named as a defendant in this lawsuit." (R. 697, Hotels.com Rule 56.1 Resp. ¶ 46.) Thus, as above, in light of *Akamai*, there is a genuine dispute of material

fact whether Hotels.com knowingly induced infringement and possessed specific intent to encourage Expedia's infringement. *See id.* at 1308.

On a final note, Hotels.com's argument that Civix never proffered an inducement theory is belied by the record. In other words, unlike the plaintiff in *Deep9 Corp. v. Barnes & Noble, Inc.*, No. C11-0035JLR, 2012 WL 4336726, at *15 (W.D. Wash. Sept. 12, 2012), Civix has alleged induced infringement from the onset of this lawsuit. Specifically, Civix alleged induced infringement of Claim 23 in its December 6, 2005 Complaint, January 11, 2006 First Amended Complaint, and August 24, 2006 Second Amended Complaint. (R. 1, Compl. ¶ 14; R. 18, First. Am. Compl. ¶ 15, Second. Am. Compl. ¶ 18.) In addition, Civix included its theory of inducement in its responses to Hotels.com interrogatories requesting Civix's infringement contentions. (R. 739, Exs. A-C.) Further, during the stay pending the PTO's *ex parte* reexamination of the '291 and '622 patents, the Federal Circuit decided *BMC*, which *Akamai* later overruled. In other words, during the time period between *BMC* and *Akamai*, the single-actor standard was good law, *see Muniauction, Inc. v. Thomson Corp.,* 532 F.3d 1318, 1329 (Fed. Cir. 2008), and thus Civix could not have pursued its inducement theory in good faith under Rule 11's requirements. Last, at summary judgment, Civix put the Court and Hotels.com on notice that the *Akamai* en banc appeal was pending and of the relevant issues involved. (R. 688, Pl.'s Brief Opp., at 5.)

## CONCLUSION

For these reasons, the Court grants Civix's motion for reconsideration regarding Civix's induced infringement allegations related to the elements of Claim 23 of the '291 patent.

**Date:** November 1, 2012

                                       **ENTERED**

                                       _____
                                       **AMY J. ST. EVE**
                                       **United States District Court Judge**