# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 05 C 6869 | **DATE** | 12/6/2012 |
| **CASE TITLE** | CIVIX-DDI LLC vs. Hotels.Com L.P., et al. | | |

**DOCKET ENTRY TEXT**

The Court denies Hotels.com's Motion in Limine No. 2 in part as moot [755]. The Court directs Civix to supplement its Response [799] to Hotels.com's Motion in Limine No. 2 [755] with evidence establishing the basis for Dr. Ophir Frieder's modification opinions on or before December 11, 2012. Civix may respond to that supplement on or before December 14, 2012.

■[ For further details see text below.]  Docketing to mail notices.

# STATEMENT

Hotels.com Motion in Limine No. 2 seeks to preclude Civix's technical expert, Dr. Ophir Frieder, from "(1) opining on the scope and meaning of the Maporama Agreement and the DeCarta Agreements and (2) opining on any modification of geocodes provided to Hotels.com by Maporama or DeCarta.." (R. 755, Def.'s MIL No. 2 at 8.)

# ANALYSIS

Civix concedes that "Dr. Frieder will not offer legal opinions on contract interpretation." (R. 799, Pl.'s Resp. MIL No. 2 at 2.) Hotels.com's motion is moot, therefore, with respect to any legal opinions on contract interpretation, such as what is required to have protection of a license or what constitutes infringement. Civix argues, however, that "[t]o the extent Hotels.com asserts that Dr. Frieder cannot rely on and testify regarding the contents of the Maporama and DeCarta agreements in support of his technical opinions, Hotels.com goes too far." (Pl.'s Resp. MIL No. 2 at 3-4.) The Court agrees with Civix that Dr. Frieder may apply his education, training, knowledge and skills in the field of scalable and distributed information systems to render opinions to explain what the technology and data in the Maporama Agreement

| STATEMENT |
|---|

and DeCarta Agreement was and to opine on whether Hotels.com used such technology. (Pl.'s Resp. MIL No. 2 at 4-5.) Such opinions do not require contract interpretation or legal conclusions, but rely on Dr. Frieder's technological expertise.

With regards to (2), Hotels.com specifically argues that Dr. Frieder improperly bases his opinions about modifications made to geocodes provided to Hotels.com by Maporama or DeCarta on unreliable assumptions and speculation. (Def.'s MIL No. 2 at 7.) Expert testimony based on unsupported speculation is improper. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 590, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993) (stating that expert opinion must be more than "subjective belief or unsupported speculation"); *Metavante Corp. v. Emigrant Sav. Bank*, 619 F.3d 748, 761 (7th Cir.2010) (finding that expert testimony mat not "be based on subjective belief or speculation").

To support its argument, Hotels.com cites to sections of Dr. Frieder's testimony where he appears to rely on his reading of the Maporama Agreement and DeCarta Agreement when opining that Maporama and DeCarta modified the geocodes. (Def.'s MIL No. 2 at 3, 7, Ex. 5 Frieder Dep. at 296:14-15; 296:20-297:2; 323:18-20.) Dr. Frieder also testified that he did not know how Maporama and DeCarta modified the geocode data obtained from Navteq. (*Id.* at 7, Ex. 5 Frieder Dep. at 322:23-323:2; 323:8-13.) Civix fails to provide any basis of Dr. Frieder's modification opinions to counter Hotels.com's claim that he bases his opinion on his interpretation of the two agreements. Rather, without citation to any deposition testimony or section of Dr. Frieder's expert report, Civix's argues that Dr. Frieder's opinion that Maporama and DeCarta did not simply "pass through" to Hotels.com the geocode data that they received from Navteq "is based on a review and analysis of documents describing the substance of the geocode data that Navteq provided to Maporama, the substance of the technology Maporama and DeCarta provided to Hotels.com, and Hotels.com's use of that technology." (Pl.'s Resp. MIL No. 2 at 2.) In addition to Civix failing to cite to any testimony by Dr. Frieder to support its argument, Dr. Frieder's expert report does not include any reference to any geocode modification. (*Id.* at Ex. A, Rule 26(A)(2)(B) Report of Ophir Frieder.) Without understanding on what specifically Dr. Frieder bases his opinions about modification, the Court cannot determine if he is

| STATEMENT |
|---|
| speculating or offering testimony within the scope of his expertise.  The Court, therefore, directs Civix to supplement its Response to Hotels.com's Motion in Limine No. 2 with evidence, such as transcript testimony, establishing the basis for Dr. Frieder's modification opinions on or before December 11, 2012.  Civix may respond to that supplement on or before December 14, 2012.  The Court will rule on the remainder of Hotels.com Motion in Limine No. 2 at that time. |