**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CIVIX-DDI, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 05 C 6869 |
| v. | ) | |
| | ) | |
| HOTELS.COM, L.P. and | ) | |
| HOTELS.COM GP, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

On December 6, 2005, Plaintiff CIVIX-DDI, LLC ("Civix") filed a Complaint alleging patent infringement by Hotels.com L.P. and Hotels.Com GP, LLC, (collectively "Hotels.com" or "Defendants"), and other companies no longer in this litigation. (R. 1, Compl.) In its Second Amended Complaint, Civix accused Hotels.com of infringing claims 20 and 26 of U.S. Patent No. 6,385,622 ("the '622 patent") and claim 23 of U.S. Patent No. 6,415,291 ("the '291 patent"). (R. 203, Sec. Amend. Compl.) On February 3, 2010, Hotels.com filed an answer to the Second Amended Complaint, alleging counterclaims, including breach of contract. (R. 585, Sec. Amend. Ans.) On August 19, 2011, the Court granted summary judgment of noninfringement of claims 20 and 26 of the '622 patent and claim 23 of the '291 patent. (R. 700, Sum. Jgmt. Op.) On November 1, 2012, the Court granted Civix's motion for reconsideration based on a change in the law, thereby reviving Civix's claim that Hotels.com induced infringement in relation to the elements of claim 23 of the '291 patent. (R. 741, Recon. Op.) The Court set a trial date of

January 22, 2013 to address Civix's claim of induced infringement of claim 23 of the '291 patent and Hotels.com's breach of contract counterclaim. (R. 718, Min. Ent.; R. 777, Proposed Pretrial Order.) Before the Court are Hotels.com's Motions in Limine Nos. 1, 4, 6, 7, 8 and 9.

## BACKGROUND

The Court presumes familiarity with the factual and procedural background of this litigation. For a detailed discussion of this case, see, for example, the Court's Memorandum Opinion and Order that granted Hotels.com's motion for summary judgment of non-infringement. (R. 700, Sum. Jgmt. Op.)

## LEGAL STANDARD

"Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States,* 469 U.S. 38, 41 n. 4, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984). In limine rulings avoid delay and allow the parties the opportunity to prepare themselves and witnesses for the introduction or exclusion of the applicable evidence. *See Wilson v. Williams*, 182 F.3d 562, 566 (7th Cir.1999); *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989). Trial courts have broad discretion in ruling on evidentiary issues before and during trial. *See Christmas, v. City of Chi.*, 682 F.3d 632, 640 (7th Cir. 2012). Moreover, regardless of the Court's initial ruling on a motion in limine, the Court may alter its discretionary ruling during trial. *See Luce*, 469 U.S. at 41-42; *Farfaras v. Citizens Bank & Trust of Chi.*, 433 F.3d 558, 565 (7th Cir. 2006). The Court will only grant a motion in limine when the evidence is clearly inadmissable for any purpose. *See Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir.1997); *Betts v. City of Chi., Ill*., 784 F. Supp. 2d 1020, 1023 (N.D. Ill. 2011).

2

ANALYSIS

I.      **Hotels.com's Motion in Limine No 1. - Exclude Revisitation of any Findings in this Court's Grant of Partial Summary Judgment on Grounds of License**

Hotels.com seeks an order from the Court precluding Civix from offering evidence or argument contradicting or revisiting any of the legal findings contained in the Court's grant of partial summary judgment on grounds of license. (R. 754, Def.'s MIL No. 1 at 1, 4.) Civix agrees that neither party may introduce contradictory evidence or argument with regards to six findings outlined in Hotels.com's Motion in Limine No. 1. (R. 798, Pl.'s Resp. MIL No. 1 at 1-2.) Based on this agreement, the Court grants Hotels.com's Motion in Limine No. 1 regarding the following six findings, which are law of the case:

> 1) The Navteq Agreement is governed by Illinois law;
>
> 2) The covenant-not-to-sue covers the '622 patent, the '307 patent, the '291 patent and the '691 patent (also identified on page 3 of Hotels.com's motion);
>
> 3) Hotels.com is a third-party beneficiary to the Navteq Agreement (also identified on page 3 of Hotels.com's motion);
>
> 4) The Navteq-Maporama License Agreement and the Maporama-Hotels.com License Agreement do not limit Hotels.com's third-party beneficiary rights under the Navteq Agreement;
>
> 5) The term "any products, processes, systems, and/or services that use and/or incorporate all or any part of the NAVTECH Technology" found in the Navteq Agreement is unambiguous as a matter of law (also identified on page 3 of Hotels.com's motion); and
>
> 6) The covenant-not-to-sue bars CIVIX from suing for commercial activity *involving or relating* to NAVTECH Technology, not merely commercial activity that *actually uses* NAVTECH Technology.

Although Hotels.com listed these six findings in the introduction section of its Motion in Limine No. 1, it claims in its Argument section that "law of the case precludes, *inter alia*: i) any

suggestion that Hotels.com is not a third-party beneficiary to the Navteq Agreement; ii) any suggestion that the covenant-not-to-sue contained in the Navteq Agreement does not cover the '622, '307, '291, or '692 Patents; or iii) any suggestion that the Navteq Agreement's contractual term 'any products, processes, systems, and/or services that use and/or incorporate all or any part of the NAVTECH technology' is ambiguous." (Def.'s MIL No. 1 at 3.) Rather than speculate to which specific Court findings these statements refer, the Court grants Hotels.com's motion as to the six enumerated findings from its summary judgment opinion.

Additionally, in its Reply, Hotels.com states that "Civix is precluded and barred from revisiting [any other findings contained in this Court's grant of partial summary judgment] at trial" because Civix did not dispute any other findings in the Court's summary judgment order. (Def.'s MIL No. 1 Reply at 1.) Without citation or reference to what it believes constitutes these additional "findings" in the Court's summary judgment order, however, the Court cannot preclude related argument or evidence at trial. If there are additional "findings," besides the six listed above, which Hotels.com would also like to exclude revisitation at trial, the Court requests that Hotels.com file a supplementary motion in limine on or before January 3, 2013, consistent with Hotels.com Motion in Limine No. 1, proposing those additional "findings." The Court directs Hotels.com to first meet and confer with Civix, however, regarding any such "findings." Civix may file a response before January 7, 2013.

II. **Hotels.com's Motion in Limine No. 4 - To Exclude Any Evidence or Argument that Would Relitigate Issues Addressed by this Court's Prior Rulings**

In its Motion in Limine No. 4, Hotels.com moves to exclude any evidence or argument that would relitigate issues addressed by this Court's prior rulings. (R. 775, Def.'s MIL No. 4.) Civix does not contest exclusion of such evidence or argument, arguing only that certain findings

outlined in Hotels.com's Motion in Limine No. 4 are not relevant. The Court need not address the relevance of the underlying findings at this time as the motion does not seek to determine the relevancy or admissibility of the findings. Civix may, of course, raise a relevancy objection at trial, if necessary. The Court, therefore, grants Hotels.com's Motion in Limine No. 4 as to all of the bulleted findings found in its Motion in Limine No. 4. Athough Civix argues that certain findings included in Hotels.com's motion are incomplete, the Court disagrees that Hotels.com's cropping from the Court's previous rulings created incomplete or disingenuous representations of the Court's findings. (*See e.g.*, R. 821, Pl.'s Resp. MIL No. 4 at 3, 6, 7.)

Additionally, Civix seeks to exclude evidence or argument relitigating other findings not raised by Hotels.com. (Pl.'s Resp. MIL No. 4 at 5-6.) This request rasies a new issue, and improperly attempts to move in limine via a responsive pleading. Moreover, as argued by Hotels.com, any finding the Court made while ruling on Hotels.com's summary judgment motion included inferences drawn in the light most favorable to Civix, a disadvantage Hotels.com will not face at trial. (R. 843, Def.'s Reply MIL No. 4 at 4-5; *see e.g. Smeigh v. Johns Manville, Inc.,* 643 F.3d 554, 560 (7th Cir. 2011) (observing that, in reviewing a motion for summary judgment, courts construe all "reasonable inferences in the light most favorable to the non-moving party"). As a result, adopting findings the Court made against Hotels.com under that posture would unfairly prejudice Hotels.com. The Court, therefore, grants Hotels.com Motion in Limine No. 4 and denies Civix's improper request.

### III.     Hotels.com's Motion in Limine No. 6 - Preclude William Semple From Offering Opinion Testimony Regarding Infringement and Invalidity

In its Motion in Limine No. 6, Hotels.com seeks to preclude William Semple ("Semple") "from offering any expert testimony in this matter, including without limitation testimony as to

Hotels.com's alleged infringement and rebuttal testimony as to invalidity" because Civix did not disclose him as an expert witness and Mr. Semple did not provide a written report about his opinions. (R. 772, Def.'s MIL No. 6 at 1-2, 9.) Contrary to Hotels.com's contention, however, "Civix will not be offering testimony from William Semple in the form of expert opinion under Fed. R. Evid. 702." (R. 823, Pl.'s Resp. MIL No. 6 at 1.) Rather, Civix intends to offer lay testimony of Mr. Semple as a co-inventor of the Civix patents, including the '291 patent. (*Id.*)

As co-inventor of the '291 patent, Mr. Semple has knowledge about prior art he reviewed and analyzed as an inventor, and from his role in helping Civix's patent prosecution counsel draw distinctions between prior art and the claimed inventions. (*Id.* at 2.) He also has knowledge from his direct involvement with the grant of licenses under the '291 patent, as he approved each license, including the financial terms, and is the person responsible for all the negotiations. (*Id.* at 3.) "In addition to being a co-inventor of the '291 patent, Mr. Semple has observed, used, and analyzed the accused Hotels website and compared its functionalities to his patented invention." (*Id.* at 2.) As a result, Mr. Semple, as the co-inventor, can testify factually from his personal knowledge and experiences, rather than from the perspective of an expert following a review of documents or data in anticipation of litigation. (*See id.* at 2 ("Based on his direct and personal perception, as well as the manner in which the accused website is used, Mr. Semple will testify about how that website employs features of his invention.")); *see also Knowles Electronics, LLC v. Microtronic U.S., Inc.*, No. 99 C 4681, 2000 WL 310305, at *2 (N.D. Ill. Mar. 24, 2000) (denying motion in limine to bar inventors' testimony when party sought to elicit testimony "about their inventions, what those inventions do, and how they work . . . [and] their contributions to the prior art.") (citing *Lemelson v. General Mills,* No. 77 C 4558,

1987 WL 12999, at *1 (N.D. Ill. June 19, 1987)); *Voice Techs. Group, Inc. v. VMC Sys., Inc.*, 164 F.3d 605, 615 (Fed. Cir. 1999) ("An inventor is a competent witness to explain the invention and what was intended to be conveyed by the specification and covered by the claims.")

Hotels.com argues that the Court should preclude Mr. Semple from providing any opinion testimony because Civix did not provide Hotels.com with a written report from Mr. Semple, as required by Federal Rule of Civil Procedure ("Rule") 26(a)(2)(B). (Def.'s MIL No. 6 at 7.) Rule 26(2)(B), however, does not require a person who does not regularly testify as an expert to issue a report. *See* Fed. R. Civ. P. 26(a)(2)(B) (requiring a witness provide a written report "if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony."). This is not a case, like those cited by Hotels.com, where Mr. Semple reviewed evidence solely in preparation for trial. (Def.'s MIL No. 6 at 7.) As the co-inventor, Mr. Semple is a person with knowledge of the patent-at-issue who was not retained by Civix specifically for litigation but rather who had a direct connection to the patent prior to litigation. Moreover, Hotels.com does not cite to any case where a court deemed Mr. Semple an expert or where he provided expert testimony. Additionally, although, Hotels.com cites to declarations from other litigation where Mr. Semple has given a "professional" rather than personal opinion, Hotels.com has presented no evidence that Mr. Semple will testify from anything but his personal knowledge during the upcoming trial. (Def.'s MIL No. 6 at 6.)

The Court, therefore, grants Hotels.com's Motion in Limine No. 6 in part. Specifically, the Court finds that Mr. Semple may provide relevant factual testimony from his personal knowledge about the contents of the patent application, the prior art he reviewed and analyzed in

7

creating the patent and in assisting Civix's patent prosecution counsel, the negotiation process for patent licenses, and the terms of patent licenses he negotiated. He may also provide testimony regarding opinions he formed while involved with license negotiations, the patent prosecution and patent development process. Mr. Semple, however, cannot opine on the questions that involve legal conclusions or rely on specialized scientific or technical knowledge beyond that which is necessary to testify to his personal knowledge of various issues related to the '291 patent. *See* Fed. R. Evid. 701; *see LG Electronics v. Whirlpool Corp.*, 08 C 242, 2010 WL 3781264, at *1-2 (N.D. Ill. Sept. 22, 2010) (finding that a lay witness cannot opine on areas that require specialized knowledge). He cannot opine on the interpretation of license agreements or settlement agreements that he did not negotiate and about which he lacks personal knowledge. Mr. Semple also may not testify hypothetically about any relevant issues as he must base his testimony on his personal knowledge working with the '291 patent. *See e.g., Von der Ruhr v. Immtech Intern., Inc.,* 570 F.3d 858, 864 (7th Cir. 2009) ("While experts are allowed to give testimony based outside of their personal experience or observation, lay witnesses are not."). In particular, Mr. Semple may not provide any opinion testimony on the ultimate questions of invalidity and infringement. *See e.g.*, *Verizon Services Corp. v. Cox Fibernet Va., Inc.*, 602 F.3d 1325, 1339-40 (Fed. Cir. 2010) ("[T]he district court properly allowed testimony from the witnesses about the patents they invented based on their personal knowledge, and properly excluded these same witnesses from providing expert testimony on invalidity for which they had not previously provided expert reports or been qualified as an expert.").

## IV. Hotels.com's Motion in Limine No. 7 - Preclude Civix From using Prior Settlements as Evidence of Non-Obviousness

"CIVIX has entered into 26 licenses with third parties under the '291 patent and intends to present this evidence at trial–both to support its position on non-obviousness and to prove comparable rates for damages." (R. 824, Pl.'s Resp. MIL No. 7 at 2.) Hotels.com seeks to preclude Civix from arguing that prior settlements and license agreements between Civix and those it previously sued or threatened to sue help establish non-obviousness. (R. 773, Def.'s MIL No. 7.)

"A patent is invalid as obvious if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." *Transocean Offshore Deepwater Drilling, Inc. v. Maersk Drilling USA, Inc.*, No. 2011–1555, 2012 WL 5519361, at *2-3 (Fed. Cir. Nov. 15, 2012) (citing 35 U.S.C. § 103(a)). "The underlying factual inquiry in an obviousness determination includes four factors: the scope and content of the prior art; the differences between the prior art and the claims at issue; the level of ordinary skill in the pertinent art; and secondary conditions of nonobviousness such as commercial success, long-felt but unsolved need, and the failure of others." *Inventio AG v. Otis Elevator Co.*, Nos. 2011-1615, 2012-1108, 2012 WL 5907489, at *4 (Fed. Cir. Nov. 27, 2012).

Hotels.com argues that Civix cannot use evidence of prior settlements and license agreements to establish commercial success because there is no nexus between the success and the patented invention. (Def.'s MIL No. 7 at 5; *see also Western Union Co. v. MoneyGram Payment Systems, Inc.*, 626 F.3d 1361, 1372-73 (Fed. Cir. 2010) ( "[T]he patentee must establish

a nexus between the evidence of commercial success and the patented invention."). Hotels.com, for example, argues without any legal citation that Civix cannot establish a sufficient nexus because secondary considerations, such as commercial success, require evidence about a licensee's motivations for entering a license. (*Id*. at 6.) Indeed, Hotels.com supports its argument with reasons why Civix may not ultimately be able to prove the existence of a nexus rather than with reasons undermining the relevance of the settlements and agreements themselves. The Court need not address the sufficiency of such arguments, however, because determining whether a sufficient nexus exists is a factual issue for the jury to decide, not for the Court to decide based on a motion in limine. *See Spectralytics, Inc. v. Cordis Corp*., 649 F.3d 1336, 1344 (Fed. Cir. 2011) (finding that evidence of non-obviousness, including whether there was a requisite nexus between the device and commercial success, is a factual issue for the jury) (citing *Pro–Mold & Tool Co. v. Great Lakes Plastics, Inc.*, 75 F.3d 1568, 1574 (Fed. Cir. 1996)).

Additionally, the Court agrees with Civix that the Patent Office's determination that no nexus exists is evidence for the jury to consider when weighing the evidence, not a reason to preclude evidence of a potential nexus pre-trial. Hotels.com does not cite any authority to claim that the Patent Office's "finding" that Civix "fail[ed] to provide hard evidence of commercial success commensurate in scope with the claims with the exception of the mere statement of executing licenses based upon claimed subject matter in the '291 patent" should legally preclude or estop Civix from arguing commercial success in this case using the licenses. (Def.'s MIL No. 7 at 4.) Rather, Hotels.com asks the Court to reach the same conclusion as the Patent Office. The Court will not simply adopt this "finding." (Def.'s MIL No. 7 at 4, Ex. T at internal 19-20.) Rather, Civix may attempt to present sufficient evidence to the jury to prevail on this issue at

trial.

The Court also rejects Hotels.com's argument that Civix cannot present evidence at trial of the prior settlements and licenses because "CIVIX has repeatedly invoked privilege and refused to allow Hotels.com discovery into the circumstances surrounding its settlement negotiations." (Def.'s MIL No. 7 at 5.) Specifically, Hotels.com alleges that Civix has withheld over 180 settlement communications for which neither attorney-client privilege or work-product protection has been invoked and Civix's witness, William Semple, invoked the settlement privilege at least three times during his deposition. *Id.* These allegations are unavailing, however, because the referenced communications and Mr. Semple's deposition testimony relate to only a few of the 26 licenses into which Civix entered. (Pl.'s Resp. MIL No. 7 at 4.) At most, therefore, Hotels.com's arguments reach those few licenses. Moreover, Hotels.com never sought additional discovery on any licenses, or contested Hotels.com's assertion of privilege or refusal to produce documents. In fact, both parties identified various licenses as potential exhibits. (*See, e.g.*, R. 777-1, Hotels.com's Exs. at internal. 53-59; R. 777-2, Civix's Exs. at internal 30-32). Hotels.com also has not offered any evidence that it had insufficient opportunity to question Mr. Semple about the license agreements during his multiple days of deposition testimony. Civix's privilege assertions, therefore, do not warrant preclusion of all license and settlement evidence. Civix cannot, however, introduce any materials, including license and settlement agreements, that it claimed privilege over during discovery. *See e.g., Manning v. Buchan,* 357 F. Supp. 2d 1036, 1048 (N.D. Ill. 2004) ("[W]hen a party asserts a privilege to preclude its opponent from obtaining information in discovery, it relinquishes the ability to use that information in its favor at trial"; *see also* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide

information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless").

Hotels.com has not met its burden to show that this license evidence is inadmissible for this or any purpose. *See Sys. Develop. Integration, LLC v. Comp. Sciences Corp.*, No. 09 CV 4008, 2012 WL 3204994, 10 (N.D. Ill. Aug. 3, 2012) (citing *Jonasson v. Lutheran Child and Family Services*, 115 F.3d 436, 440 (7th Cir. 1997)). Moreover, the Court will not strip the jury of the question of whether a sufficient nexus exists between Civix's evidence and the invention simply because Hotels.com argues that Civix will not ultimately prevail on this issue. The Court, therefore, denies Hotels.com's Motion in Limine No. 7. Hotels.com, however, may cross-examine any witness regarding the concerns expressed in its Motion in Limine No. 7 and argue the weight of the license evidence to the jury. Hotels.com may also move at the close of evidence to strike the license evidence for lack of foundation if Civix does not establish the prerequisite nexus or other grounds for admission.

## V. Hotels.com's Motion in Limine No. 8 - Exclude any Reference to Expedia Inc.'s Stipulation of Infringement

In Motion in Limine No. 8, Hotels.com seeks to exclude any reference to the stipulation of infringement (the "Expedia Stipulation") that Expedia Inc. ("Expedia") entered into during prior litigation, *Civix DDI LLC v. Motorola Inc, et. al.*, No. 1:03-cv-03792 (N.D. Ill.). (R. 774, Def.'s MIL No. 8 at 1.) In that litigation, Civix sued several defendants, including Expedia, alleging infringement of multiple claims of several patents. (*Id.*) Hotels.com did not participate in that suit. (*Id.*) As part of the Expedia Stipulation, Expedia agreed to entry of partial summary judgment for the plaintiff that Expedia had used the invention defined by claim 23 of the '291

patent in connection with portions of the Expedia.com website. (*Id*.)

The Court finds that the Expedia Stipulation is not relevant to any issue in this litigation except possibly for damages. Pursuant to Federal Rule of Evidence ("Evidence Rule") 401, evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401; *United States v. Boros*, 668 F.3d 901, 907 (7th Cir. 2012). "[Evidence] Rule 402 provides the corollary that, with certain exceptions, '[r]elevant evidence is admissible' and '[i]rrelevant evidence is not admissible.'" Boros, 668 F.3d at 907; *see also* Fed. R. Evid. 402.

Civix argues that the Expedia Stipulation is relevant because Expedia provides Hotels.com with the virtual tours that allegedly infringe claim 23 of the '291 patent. (R. 827, Pl.'s Resp. MIL No. 8 at 3.) Although the Expedia Stipulation included an agreement relating to claim 23 of the '291, which is at issue here, it stemmed from wholly separate litigation involving different parties (though, Hotels.com and Expedia have a corporate relationship), litigating different accused products and websites, utilizing different claim constructions. Each of these differences undermines the relevancy of the stipulation while also creating a significant potential for jury confusion which would outweigh any minimal probative value the Expedia Stipulation might have. *See* Fed. R. Evid. 402. Additionally, Expedia's strategic and legal decision in separate litigation, to which Hotels.com was not a party, to enter into a stipulation for unknown reasons, is not relevant to whether virtual tours are "video clips" in this litigation between different parties.

Civix also argues that the Expedia Stipulation is relevant to the issue of non-obviousness because the "close temporal relationship between the Expedia stipulation and the Expedia

13

Agreement, combined with the fact that both involved claim 23, creates a nexus between the stipulation and agreement." (Pl.'s Resp. MIL No. 8 at 4.) As discussed above, the issue for non-obviousness is whether a nexus exists between the agreement and the invention at issue. *See Western Union*, 626 F.3d 1361 at 1372-73. Civix's non-obviousness argument, therefore, is misguided.

The Court also rejects Civix's argument that the Expedia Stipulation helps establish willfulness on the part of Hotels.com. (*Id.* at 5.) Civix has provided no legal citation or reason for this Court to infer a subsidiary's awareness of possible infringement based on a parent company's settlement in a separate case involving different parties and different websites. (*See* R. 19, Hotels.com's Corp. Disc. Stmt.) Furthermore, Civix agreed that the Expedia Stipulation was "solely for purposes of [that] civil action." (Def.'s MIL No. 8 at 3 (citing R. 774, Khawaja Decl. Ex. B at 1.)

The only relevance that the Expedia Stipulation might have would be to assist the jury with the damages calculation. Specifically, Civix argues that the Expedia Stipulation is relevant to damages as it would provide "background and context" for the license agreement between Civix and Expedia, which both parties considered when formulating their damages opinions. (Pl.'s Resp. MIL No. 8 at 4.) The Court takes this aspect of the motion under advisement until it rules on Hotels.com's Motion in Limine No. 3 to exclude testimony regarding the agreement between Expedia and Civix.

For the foregoing reasons, the Court grants Hotels.com's Motion in Limine No. 8 in part, limiting any potential testimony about the Expedia Stipulation to the issue of damages. The Corut takes this aspect under advisement.

## VI. Hotels.com's Motion in Limine No. 9 - Preclude Civix From Offering Any Evidence or Testimony Regarding Infringement After February 2010

Hotels.com moves to preclude Civix from offering any evidence or testimony alleging infringement of claim 23 after February 2010. (R. 776, Def.'s MIL No. 9.) In its Response to Motion in Limine No. 9, "Civix agrees not to offer evidence or argument alleging infringement of claim 23 of the '291 patent after the date on which virtual tours ceased being provided through the accused websites." (R. 825, Pl.'s Resp. MIL No. 9 at 1.) Furthermore, Civix suggests that the parties stipulate to the timeframe of infringement, as Civix has relied upon representations by Hotels.com's attorneys that Hotels.com has not provided virtual tours through the accused websites subsequent to February 2010 but the deposition testimony on this issue is unclear. (*Id*.; Def.'s MIL No. 9 at 3, Ex. W at 47:11-14; Ex. X at 250:6-20.) Hotels.com, however, refuses to stipulate to a particular timeframe of infringement as proposed by Civix. (R. 848, Def.'s Reply MIL No. 9 at 2.) Rather, Hotels.com seeks only to establish that February 2010 is the latest point in time that Civix may argue infringement occurred based upon purported "concessions" by Civix to this effect. (*Id*. at 2-3.)

In its Reply, Hotels.com cites two purported "concessions" by Civix that Hotels.com stopped infringing at least by February 2010: (1) Civix's response to Hotels.com's Local Rule 56.1 statement of uncontested facts paragraph 82 admitting that "[s]ince at least February 2010, there were no accused videos available for display on Hotels.com's sites (R. 690, Pl.'s Resp. 56.1 Facts ¶ 82); and (2) the statement in Civix's reply to its motion for reconsideration that "Civix's claims for infringement encompass Hotels' services before February 2010" (R. 739, Pl.'s Mot. Recon. Reply at 6). (Def.'s Reply MIL No. 9 at 2-3; Def.'s MIL No. 9 at 5.)

15

Although Hotels.com is correct that "[a]ny deliberate, clear, and unequivocal statement . . . made in the course of judicial proceedings" is a judicial admission," Civix has made no such statement. *Pierce v. City of Chicago*, No. 09-CV-1462, 2012 WL 401026, *3 (N.D. Ill. Feb. 7, 2012); Def.'s Reply MIL No. 9 at 3.) Additionally, Civix's admission in its response to Hotels.com's Local Rule 56.1 statement of uncontested facts does not bind Civix at trial.

First, even though Civix admitted in its response to Hotels.com's 56.1 statement of facts that "[s]ince at least February 2010, there were no accused videos available for display on Hotels.com's sites," this admission does not establish any fact for trial as the Court did not enter an order to that effect. (Pl.'s Resp. 56.1 Facts at ¶ 82.) According to Rule 56(g), if a "court does not grant all the relief requested by the [summary judgment] motion, it *may* enter an order stating any material fact–including an item of damages or other relief–that is not genuinely in dispute and treating the fact as established in the case." Fed. R. Civ. P. 56(g) (emphasis added). Rule 56, therefore, does not automatically bind parties to facts established for the purposes of summary judgment, although a court may establish a fact in the case by entering an order. Indeed, the Committee Notes for Rule 56(g) explain that a party may prefer to avoid the cost of a detailed response to all the facts asserted at summary judgment, believing it can prevail by disputing only a few. According to the Committee Notes, "[t]his position should be available without running the risk that the fact will be taken as established under subdivision (g) or otherwise found to have been accepted for other purposes." Fed. R. Civ. P. 56(g). Here, the Court did not enter an order establishing any facts for trial, even though it deemed certain facts

16

undisputed for purposes of summary judgment.[1] Furthermore, in its 56.1 statement of facts, Hotels.com failed to support the fact at issue with determinative evidence. (R. 680, Def.'s 56.1 Facts ¶ 82.) Hotels.com cited deposition testimony that, at best, established that Hotels.com stopped offering virtual tours at some unknown point in the past. (*Id*.) The Court, therefore, does not bind Civix to this fact even though Civix admitted it for purposes of summary judgment.

Second, Hotels.com mischaracterizes Civix's statement in Civix's Reply to support its motion for reconsideration. In its Response to the motion for reconsideration, Hotels.com argued that the Court should not grant reconsideration based on Civix's concession in its 56.1 response that Hotels.com utilized no accused videos after February 2010. (R.738, Def.'s Mot. Recon. Resp. at 5.) In its Reply brief, Civix responded that this "position makes no sense because Civix's claims for infringement encompass Hotels' services before February 2010." (Pl.'s Mot. Recon. Reply. at 6.) Civix's purported "concession," therefore, is nothing more than a rebuttal of a misguided argument by Hotels.com, which relied on the previously discussed 56.1 facts. Civix does not clearly and unequivocally admit that Hotels.com ceased infringing in February 2010.

The Court, therefore, deems neither of Civix's alleged "concessions" to be admissions that Hotels.com ceased infringing in February 2010, and denies Hotels.com's Motion in Limine No. 9 accordingly.

---

[1] To this end, Hotels.com filed Motions in Limine Nos. 1 and 2 seeking to establish certain findings from the Court's summary judgment opinion for trial.

## CONCLUSION

For the foregoing reasons, the Court grants Hotels.com's Motion in Limine No. 1 in part; grants Hotels.com's Motion in Limine No. 4; grants Hotels.com's Motion in Limine No. 6 in part; denies Hotels.com's Motion in Limine No. 7; grants Hotels.com's Motion in Limine No. 8 in part and takes it under advisement in part; and denies Motion in Limine No. 9.

**Date: December 18, 2012**               **ENTERED:**

*[signature: Amy J. St. E]*

**Amy J. St. Eve**
**United States District Court Judge**